# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>**Jean Anne Warrington**<br>      Debtor<br><br>**Deutsche Bank National Trust Company, as Trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2007-CH4 Asset Backed Pass-Through Certificates, Series 2007-CH4**<br><br>      Movant<br><br>v.<br><br>**Jean Anne Warrington**<br>      Debtor/Respondent<br><br>**KENNETH E. WEST**<br>      Trustee/Respondent | **Bankruptcy No. 24-10283-amc**<br><br>**Chapter 13** |

## CREDITOR'S CERTIFICATION OF DEFAULT

I, Michelle L. McGowan, Esquire, attorney for Deutsche Bank National Trust Company, as Trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2007-CH4 Asset Backed Pass-Through Certificates, Series 2007-CH4, ("Plaintiff"), certifies as to the following:

1. I am an attorney for Deutsche Bank National Trust Company, as Trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2007-CH4 Asset Backed Pass-Through Certificates, Series 2007-CH4, and am duly authorized to make this certification.

2. On September 16, 2024, a Stipulation (DE 36) and on September 23, 2024, an Order Approving Stipulation (DE 42) were entered, which required the Debtor to make certain payments to Plaintiff to cure specified arrearages maintain future accruing payments. See Composite Exhibit "A"..

3. On May 19, 2025, Plaintiff, by counsel, served on Debtor(s), Debtor(s)' counsel, and the

Trustee a Notice of Default setting forth that Debtor(s) were in default in the provisions of the Stipulation.  See Exhibit "B".

4. The May 19, 2025, Notice of Default stated that the sum of **$1,440.80** was needed from Debtor(s) to cure the default.

5. The Notice of Default advised that if either the Debtor(s) or the Trustee did not, within fifteen (15) days of the service of the Notice of Default, either cure the default, file an Objection stating that no default exists, or file an Objection stating any other reason why a relief Order should not be entered, Plaintiff could submit a Certification stating that it has complied with the notice requirements of the Order and that the Court may grant relief from the automatic stay without further notice to Debtor, and that, if granted such relief, the real property located at 2780 E. County Line Rd, Hatboro, Pennsylvania 190>, may be sold at foreclosure.

6. Neither the Debtor(s) nor the Trustee has cured the default, filed an objection with the Court stating that no default exists, or filed an objection with the Court stating any other reason why an order granting relief from the automatic stay should not be entered.

7. That, in accordance with the terms of the Order Approving Stipulation entered on September 23, 2024, Plaintiff is entitled to relief from the automatic stay as to the real property located at 2780 E. County Line Rd, Hatboro, Pennsylvania 19040.

Date: June 26, 2025

    Robertson, Anschutz, Schneid, Crane &
    Partners, PLLC
    Attorney for Secured Creditor
    13010 Morris Rd, Suite 450
    Alpharetta, GA 30004
    Telephone: 470-321-7113

By: /s/ Michelle L. McGowan  
Michelle L McGowan, Esq.  
Email: mimcgowan@raslg.com